IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE CONTAINER STORE, INC., | |
| *Plaintiff*, | CIVIL ACTION NO. 1:18-CV-04543 |
| v. | |
| CLEVER CONTAINER COMPANY, LLC | JURY TRIAL DEMANDED |
| *Defendant*. | |

**PLAINTIFF THE CONTAINER STORE, INC.'S ORIGINAL COMPLAINT**

Plaintiff The Container Store, Inc. ("Plaintiff" or "TCS") files this Complaint against Defendant Clever Container Company, LLC for trademark infringement, under both federal and common law, dilution, and unfair competition.

**PARTIES**

1.      TCS is a corporation organized and existing under the laws of the State of Texas with a principal place of business at 500 Freeport Parkway, Coppell, Texas 75019.

2.      On information and belief, Defendant is a limited liability company organized and existing under the laws of the State of Illinois with a principal place of business at 800 Church Street, Lake Zurich, Illinois 60047.

**JURISDICTION AND VENUE**

3.      This is a trademark infringement and dilution action brought pursuant to the trademark laws of the United States, known as the Lanham Act, Title 15, United States Code § 1051 *et seq.*, with supplemental state law claims for trademark infringement, dilution, unfair competition, and injury to business reputation.

1

4.      This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331, and 28 U.S.C. § 1338. Further, this Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

5.      This Court has personal jurisdiction over Defendant because, on information and belief, (a) Defendant has marketed, distributed, offered for sale, and/or sold its products and services under the infringing "CLEVER CONTAINER" mark, described below, to persons within the State of Illinois and this District; (b) Defendant regularly transacts and conducts business in the State of Illinois and this District; and (c) Defendant has otherwise made or established contacts within the State of Illinois sufficient to permit the exercise of personal jurisdiction.

6.      Pursuant to 28 U.S.C. § 1391(c), Defendant is deemed to reside within this District for purposes of venue.

7.      Venue is proper within this District pursuant to 28 U.S.C. § 1391(b) because Defendant resides and is doing business in this District, the alleged infringing use is in this District, and a substantial part of the events giving rise to the claims of this action occurred in this District.

**THE CONTAINER STORE, INC., ITS BUSINESS, AND ITS MARKS**

8.      Established in 1978, TCS is the leading retailer of organization and storage products and services in the United States, and has been involved in all aspects of retail store services for organization and storage products. For nearly forty years, TCS has been using the mark "THE CONTAINER STORE" in connection with its retail store services and its organization and storage products and services. TCS has retail stores and also offers products by catalog and on the internet at www.containerstore.com.

2

9.     TCS is the owner of several registered and common-law trademarks and service marks.

10.     For example, TCS is the owner of Federal Service Mark Registration No. 1,164,143 for "THE CONTAINER STORE," registered August 4, 1981, for retail store services in the area of household accessories, storage items, storage systems, and space organizers, together with all common law rights in the service mark "THE CONTAINER STORE." TCS's April 2, 1979 filing date for this mark constitutes constructive use of "THE CONTAINER STORE" nationwide by TCS, conferring a right of priority, nationwide in effect, with connection to the retail store services specified therein. 15 U.S.C. § 1057(c). This registration is and has been in full force and effect, is valid in all respects, and has become incontestable under 15 U.S.C. § 1065. Further, this mark is famous in Illinois and throughout the United States. A copy of the registration certificate and the renewal certificate are attached as Exhibit A.

11.     TCS is the owner of Federal Service Mark Registration No. 2,470,015 for "THE CONTAINER STORE," registered July 17, 2001, for online retail store services featuring household accessories, storage items, storage systems and space organizers, together with all common law rights in the service mark "THE CONTAINER STORE." TCS's April 28, 1998 filing date for this mark constitutes constructive use of "THE CONTAINER STORE" nationwide by TCS, conferring a right of priority, nationwide in effect, with connection to the online retail store services specified therein. 15 U.S.C. § 1057(c). This registration is and has been in full force and effect, is valid in all respects, and has become incontestable under 15 U.S.C. § 1065. Further, this mark is famous in Illinois and throughout the United States. A copy of the registration certificate and the renewal certificate are attached as Exhibit B.

12.     TCS is the owner of Federal Trademark Registration No. 1,713,572 for "THE CONTAINER STORE," registered September 8, 1992, for catalogs primarily for household accessories, storage items, storage systems, space organizers, and related goods, together with all common law rights in the trademark "THE CONTAINER STORE." TCS's August 20, 1991 filing date for this mark constitutes constructive use of "THE CONTAINER STORE" nationwide by TCS, conferring a right of priority, nationwide in effect, with connection to the catalogs specified therein. 15 U.S.C. § 1057(c). This registration is and has been in full force and effect, is valid in all respects, and has become incontestable under 15 U.S.C. § 1065. Further, this mark is famous in Illinois and throughout the United States. A copy of the registration certificate and the renewal certificate are attached as Exhibit C.

13.     TCS continues to build its family of "THE CONTAINER STORE" marks.

14.     TCS is also the owner of the following other Federal Trademark and Service Mark Registrations for various CONTAIN-formative marks, many of them incontestable under 15 U.S.C. § 1065:

| THE CONTAINER STORE & Design | Reg. No. 1,911,969 |
|---|---|
| THE CONTAINER STORE (stylized) | Reg. No. 1,940,914 |
| THE CONTAINER STORE ATHOME & Design | Reg. No. 4,361,948 |
| CONTAINER STORIES | Reg. No. 5,098,144 |
| CONTAIN YOURSELF! | Reg. No. 1,257,975 |
| CONTAIN IT | Reg. No. 1,373,123 |
| CONTAINED HOME | Reg. No. 4,946,966 |

| CONTAINED HOME OUR IN-HOME ORGANIZATION SERVICE & Design | Reg. No. 5,018,744 |
|---|---|

15.    Copies of these registration certificates and renewal certificates are attached as Exhibit D.

16.    TCS is the owner of several common-law trademarks and service marks incorporating "THE CONTAINER STORE" and other CONTAIN-formative marks used for retail store services (including online retail store services) in the field of household accessories, storage items, storage systems, and space organizers, and for catalogs primarily for household accessories, storage items, storage systems, space organizers, and related goods.

17.    The federal registrations identified in Exhibits A, B, C, and D, as well as the common-law marks identified herein are collectively the "TCS Marks."

18.    The dominant portion of all of the TCS Marks is the term "CONTAINER" or "CONTAIN."

19.    TCS has consistently used the TCS Marks and has renewed and maintained its federal registrations. TCS's use and ownership of the TCS Marks entitle it to broad and exclusive rights to use the marks nationwide, including in the State of Illinois, in connection with TCS's products and services.

20.    Since at least 1978, TCS has used THE CONTAINER STORE mark in commerce in connection with retail store services. TCS promotes and offers a wide variety of products and services under its TCS Marks, including but not limited to retail store services and online retail store services in the field of household storage items, storage systems, shelving, space organizers, and related accessories, including without limitation, household containers and storage products, kitchen containers and organizers, baskets and tins for household use,

bathroom organizers, garage organizers, storage containers, shelving, closet organizers and storage products, travel totes and bags, and food containers.

21.    TCS owns and operates the domain name and website at www.containerstore.com, at which TCS promotes and sells its products and services under the TCS Marks. TCS has hosted its website since 1996 and has offered online retail store services and organization services through this site since at least as early as 2000. Copies of website pages showing examples of TCS's sale and promotion of such products and services are attached as Exhibit E.

22.    TCS distributes catalogs, including online catalogs, in which TCS promotes its products and services under the TCS Marks. A copy of an example TCS catalog is attached as Exhibit F.

23.    Plaintiff's TCS Marks are valuable financial assets to its business.

24.    TCS has devoted substantial time, money, and resources marketing, advertising, and promoting its storage systems and organization products and services, including marketing through national media among other advertising channels. TCS has also made a tremendous investment in its registered marks and has put forth substantial effort and expense in promoting its name, trade dress, and service marks, including the TCS Marks. As a result of such efforts and decades of use, the TCS Marks have become distinctive of services offered by TCS in the area of retail store services (both online and otherwise), and of organization and storage products and services offered by TCS.

25.    TCS has acquired extraordinary goodwill and customer recognition in its TCS Marks in connection with the products and services offered thereunder.

## DEFENDANT AND ITS USE OF CLEVER CONTAINER

26.     On information and belief, Defendant has used the mark "CLEVER CONTAINER," and possibly other variations thereof, in connection with retail store services (online or otherwise) for selling household containers, totes and bags, storage systems, and other organizational products.

27.     On information and belief, Defendant has also used the website www.clevercontainer.com to promote its storage and organizational products. On information and belief, Defendant's website includes a Catalog section where Defendant uses "CLEVER CONTAINER" in connection with catalogs for Defendant's household accessories, storage items, storage systems, space organizers, and related goods.

28.     A copy of Defendant's website showing promotion of its storage and organizational products is attached as Exhibit G, and a copy of one of Defendant's catalogs is attached as Exhibit H.

29.     Defendant's offerings of products, services, and catalogs under the name and designation "CLEVER CONTAINER" constitutes colorable imitation and substantial infringement of TCS's distinctive TCS Marks.

30.     Defendant is not endorsed by, sponsored by, or affiliated with TCS in any way.

31.     On information and belief, Defendant was familiar with the high level of acceptance by the public of the products and services offered by TCS under its TCS Marks.

32.     On information and belief, Defendant was aware of the products and services offered under Plaintiff's TCS Marks at the time Defendant adopted the designation "CLEVER CONTAINER" and began doing business under the same.

33.     Despite constructive notice of TCS's federally-registered TCS Marks, Defendant began using the confusingly similar "CLEVER CONTAINER" mark in the United States in

connection with its retail store services (online or otherwise), products, and catalogs, which is likely to cause consumer confusion or mistake.

34.     Defendant is currently using the "CLEVER CONTAINER" mark in connection with retail store services, products, and catalogs at Defendant's location in Lake Zurich, Illinois, and on at least the following websites: http://www.clevercontainer.com,

https://www.facebook.com/CleverContainer, https://shop.bydesign.com/Clever/,

http://www.getcleverlyorganized.com, and

https://www.youtube.com/channel/UC5BH1Dr8ilPKm-FWBCW_5zg.

35.     Defendant's use of the "CLEVER CONTAINER" mark in connection with its retail store services (online or otherwise), products, and catalogs will inevitably cause consumer confusion and constitutes a violation of TCS's federal and common-law trademark rights. Consumers are likely to confuse the parties' retail store services and/or related products and catalogs, or mistakenly believe that products or services offered by Defendant either originated from TCS, were offered in association or affiliation with TCS, or were offered under authorization or license from TCS.

36.     Defendant knew or should have known that the selection and use of the mark "CLEVER CONTAINER" would enable Defendant to trade on the extensive and valuable goodwill and reputation belonging to TCS.

37.     On information and belief, Defendant is advertising and promoting itself and its products and services under the name "CLEVER CONTAINER" in the same channels of commerce through which TCS promotes its products and services.

38.     In addition to having constructive notice of TCS's federally registered TCS Marks, Defendant received actual notice from TCS at least as early as October 30, 2017. On or

about October 2, 2017, TCS became aware of Defendant's use of the "CLEVER CONTAINER" mark and Defendant's intent to register the mark in U.S. trademark application Serial No. 87/431452 (the "Application"). On October 30, 2017, TCS, through its counsel, sent a letter (attached hereto as Exhibit I) to Defendant describing TCS's rights in the TCS Marks. In light of the similarities between Defendant's "CLEVER CONTAINER" mark and the TCS Marks, and the likelihood of confusion, the letter also requested that Defendant file an express withdrawal of its Application within ten days so that TCS could avoid filing an opposition to Defendant's Application. By November 24, 2017, Defendant had not withdrawn its Application, and TCS was forced to file its Notice of Opposition in the Trademark Trial and Appeal Board. *See Container Store, Inc. v. Clever Container Company, LLC*, Opposition No. 91237995 (TTAB).

39.     On information and belief, Defendant continues to use the "CLEVER CONTAINER" mark despite knowledge of TCS's trademark rights and express objection to its use.

40.     On information and belief, Defendant's acts have been and are being committed with a deliberate purpose and intent of appropriating and trading upon TCS's goodwill and reputation and of competing with TCS for product sales, thereby injuring TCS and TCS's sales efforts. Sales made by Defendant due to its unlawful use of marks that are confusingly similar to the TCS Marks are sales that could have gone to TCS.

41.     Defendant's continued unauthorized use of marks that are confusingly similar to the TCS Marks is willful and intentional.

42.     As a result of Defendant's unauthorized use of the "CLEVER CONTAINER" mark, and its refusal to cease use, TCS has suffered and will continue to suffer damages and

irreparable harm to its goodwill and reputation, as well as its ability to distinguish its products and services from those of Defendant in the minds of consumers.

### COUNT I: FEDERAL TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT

43. TCS realleges and incorporates paragraphs 1–42 above as if fully set forth in this paragraph.

44. For nearly forty years, TCS has accrued common-law rights through its use of the TCS Marks.

45. For the federally registered TCS Marks above, pursuant to 15 U.S.C. § 1057(b), TCS's registrations serve as prima facie evidence of the validity of those registered TCS Marks, of TCS's ownership of the registered TCS Marks, and of TCS's exclusive right to use the registered TCS Marks in commerce in connection with the products and services specified in its registrations. 15 U.S.C. § 1057(b).

46. Despite constructive notice since at least 1979 for "THE CONTAINER STORE," Defendant adopted a confusingly similar mark for use in connection with nearly identical products and services.

47. On information and belief, Defendant filed its Application for the "CLEVER CONTAINER" mark on May 1, 2017, nearly 38 years after TCS's initial constructive notice of its rights through its federal filing of the "THE CONTAINER STORE" mark (Reg. No. 1,164,143) and 20+ years after the federal filings of many other marks in the TCS Marks family.

48. Defendant's unauthorized adoption and use of a mark confusingly similar to Plaintiff's TCS Marks in connection with similar products and services has caused or is likely to cause customers to be confused as to the origin of the products and services or to be misled into believing the parties are associated with, affiliated with, sponsored by, or endorsed by the other, all in violation of TCS's long-held trademark rights and in violation of 15 U.S.C. § 1114.

49.     On information and belief, Defendant's conduct is willful and conducted with actual knowledge of TCS's marks.

50.     On information and belief, the acts of Defendant are calculated to deceive the consuming public into accepting Defendant's products in the mistaken belief that they are the products of TCS, or that they are sponsored by, connected with, or supplied under the supervision, or with the approval of, TCS.

51.     Defendant's unlawful conduct has caused and is causing irreparable damage to the reputation and goodwill associated with Plaintiff's TCS Marks.

52.     Defendant's acts, including its refusal to cease use and withdraw its Application after actual notice of its infringement, has injured TCS and will continue to cause damage and irreparable harm unless Defendant is restrained and enjoined from such further conduct.

### COUNT II: FALSE REPRESENTATIONS IN COMMERCE UNDER THE LANHAM ACT

53.     TCS realleges and incorporates paragraphs 1–42 above as if fully set forth in this paragraph.

54.     Defendant's intentional, unlawful, and unauthorized use of marks that are confusingly similar to Plaintiff's TCS Marks is likely to cause confusion, mistake, or deception as to origin, sponsorship, or approval of Defendant's services and therefore constitutes false representations in commerce in violation of 15 U.S.C. § 1125(a)(1)(A).

55.     On information and belief, Defendant's conduct is willful and conducted with actual knowledge of TCS's marks.

56.     Defendant's acts, including its refusal to cease use and withdraw its Application, after actual notice of its infringement, has injured TCS and will continue to cause damage and irreparable harm unless Defendant is restrained and enjoined from such further conduct.

### COUNT III: COMMON-LAW TRADEMARK INFRINGEMENT

57.     TCS realleges and incorporates paragraphs 1–42 above as if fully set forth in this paragraph.

58.     TCS owns all rights (including all common-law rights), title, and interest in and to the "THE CONTAINER STORE" marks and other marks in the TCS Marks family through its use of the marks over the last 40 years. One or more of the TCS Marks have derived a secondary meaning that TCS's customers associate with TCS. TCS is therefore entitled to be free of competitive use of the unregistered names, logos, and other designs confusingly similar to the TCS Marks.

59.     Defendant has misappropriated Plaintiff's TCS Marks through its adoption and use in Illinois of marks that are confusingly similar with the TCS Marks in connection with similar products and services. This use by Defendant is likely to cause confusion, cause mistake, or deceive the customer as to the affiliation, connection, or association of Defendant with TCS, or as to the origin, affiliation, sponsorship, or approval by TCS of Defendant's products and services. Further, Defendant's use of marks that are confusingly similar with the TCS Marks enables Defendant to benefit unfairly from TCS's reputation and success, thereby giving Defendant's infringing products and services commercial value that they would not have otherwise.

60.     On information and belief, Defendant has acted with knowledge of TCS's ownership of the TCS Marks and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill symbolized thereby.

61.     On information and belief, Defendant has made sales and gained revenue at TCS's expense by virtue of Defendant's unfair trade practices to which it is not in law or equity entitled.

62. Defendant's acts constitute trademark infringement in violation of the common law of the State of Illinois. TCS has sustained damage as a direct and proximate result of Defendant's unfair trade practices in an amount to be proven at trial.

63. On information and belief, Defendant intends to continue its infringing actions, unless restrained by this Court.

### COUNT IV: COMMON-LAW UNFAIR COMPETITION

64. TCS realleges and incorporates paragraphs 1–42 above as if fully set forth in this paragraph.

65. Defendant's acts constitute unfair competition, palming off, unjust enrichment, and misappropriation of TCS's rights in the TCS Marks in that such acts permit, and if not restrained will continue to permit, Defendant to use and benefit from the goodwill and reputation earned by TCS to obtain ready public acceptance for its products and services on the basis of a reputation not established in Defendant's own right, and to give Defendant's products and services an appeal they otherwise would not have, all at the expense of TCS in violation of the common law of the State of Illinois.

66. On information and belief, Defendant has made and will continue to make substantial revenue and gains at TCS's expense by virtue of its unfair trade practices to which it is not in law or equity entitled.

67. TCS has sustained damage as a direct and proximate result of Defendant's unfair trade practices in an amount to be proven at trial.

68. The continued promotion of Defendant's products and services under the designation "CLEVER CONTAINER" will continue to constitute acts of unjust enrichment, unfair competition, palming off, and misappropriation by Defendant against TCS unless enjoined by this Court.

## COUNT V: TRADEMARK DILUTION IN VIOLATION OF THE LANHAM ACT

69.     TCS realleges and incorporates paragraphs 1–42 above as if fully set forth in this paragraph.

70.     One or more of Plaintiff's TCS Marks has become famous as a result of many years of nationwide use and promotion of the marks by TCS.

71.     One or more of Plaintiff's TCS Marks became famous prior to Defendant's adoption of its "CLEVER CONTAINER" mark.

72.     Defendant's unauthorized use of the "CLEVER CONTAINER" mark in interstate commerce in the sale, advertising, and promotion of its products and services dilutes the distinctiveness, strength, and value of TCS's famous TCS Marks through blurring. Such acts constitute trademark dilution in violation of Section 43(c)(1) of the Lanham Act, 15 U.S.C. § 1125(c)(1).

73.     Defendant's trademark dilution has injured TCS.

74.     Defendant's unauthorized use of the "CLEVER CONTAINER" mark, as alleged herein, with knowledge of TCS's famous TCS Marks constitutes a willful intent to cause dilution of the famous TCS Marks in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

75.     TCS has no adequate remedy at law for this injury.

76.     Pursuant to section 43(c)(1) of the Lanham Act, 15 U.S.C. § 1125(c)(1), TCS is entitled, subject to the principles of equity and upon such terms as the Court deems reasonable, to an injunction against Defendant's use of the "CLEVER CONTAINER" mark.

## COUNT VI: VIOLATION OF THE ANTICYBERSQUATTING CONSUMER PROTECTION ACT

77.     TCS realleges and incorporates paragraphs 1–42 above as if fully set forth in this paragraph.

78.     On information and belief, Defendant own and operates a website with the domain name www.clevercontainer.com, on which Defendant uses the "CLEVER CONTAINER" mark.

79.     Defendant's intentional, unlawful, and unauthorized use of a mark that is confusingly similar to Plaintiff's TCS Marks in the domain name for its website, and on the website itself, has been done with a bad faith intent to profit from Plaintiff's TCS Marks in violation of 15 U.S.C. § 1125(d).

80.     One or more of Plaintiff's TCS Marks is and was distinctive and famous at the time of Defendant's registration of the www.clevercontainer.com domain name.

81.     On information and belief, Defendant's conduct is willful and conducted with actual knowledge of TCS's marks.

82.     Defendant's acts, including its refusal to cease use and withdraw its Application, after actual notice of its infringement, has injured TCS and will continue to cause damage and irreparable harm unless Defendant is restrained and enjoined from such further conduct.

## DEMAND FOR JURY TRIAL

83.     TCS demands a jury trial of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, TCS respectfully requests that this Court enter an order awarding TCS the following relief:

a.      A judgment that Defendant, along with its officers, agents, servants, affiliates, employees, related companies, attorneys, and those in privity or acting in concert with Defendant, be preliminarily and permanently enjoined from the following:

1.      Using "CLEVER CONTAINER" and any confusing and deceptively similar name or mark to the TCS Marks (including "THE CONTAINER

STORE" marks), alone or in combination with any words, names, or symbols, to offer products or services similar to those offered by TCS under the TCS Marks;

2. Using any confusingly similar mark or engaging in any other conduct that is likely to cause confusion, cause mistake, deceive, or otherwise mislead the public into believing that Defendant or Defendant's products or services are in some way connected to TCS;

3. Passing off, or inducing or enabling others to pass off, products or services not TCS's as if they were products or services of TCS; and

4. Otherwise infringing upon any trade name or trademark rights of TCS.

b. That pursuant to the powers granted this Court under 15 U.S.C. § 1118, the Court issue an order directing Defendant to remove and destroy all products, displays, labels, signs, circulars, packages, wrappers, advertisements, signs, catalogs, and other material in Defendant's possession or control that display or use the "CLEVER CONTAINER" mark, as well as all plates, molds, matrices, and other means of reproducing, counterfeiting, copying, or otherwise imitating Plaintiff's TCS Marks;

c. That TCS recover its damages resulting from Defendant's infringement, unfair competition, and other wrongful conduct described herein;

d. That TCS recover its damages for injury to its TCS Marks resulting from Defendant's use of the "CLEVER CONTAINER" mark;

e. That TCS recover Defendant's wrongful profits, if any, from Defendant's infringement, unfair competition, and other wrongful conduct described herein;

f.      That pursuant to the powers granted in this Court under 15 U.S.C. § 1125(d), the Court order the forfeiture or cancellation of the www.clevercontainer.com domain name, or that the www.clevercontainer.com domain name be transferred to TCS;

g.      That Defendant be directed to file with this Court within thirty (30) days after the entry of any injunction in this cause a written statement under oath setting forth in detail the manner in which Defendant has complied with the injunction;

h.      That, pursuant to the provisions of 15 U.S.C. §1117, reasonable attorneys' fees be awarded to TCS;

i.      That TCS recover its costs in this action; and

j.      That TCS recover such other and further relief as the Court may deem appropriate.

Dated: June 29, 2018            Respectfully submitted,

/s/ *Max Ciccarelli*

**Max Ciccarelli**
  Texas Bar No. 00787242
  Max.Ciccarelli@tklaw.com

**THOMPSON & KNIGHT LLP**
One Arts Plaza
1722 Routh St., Suite 1500
Dallas, Texas 75201
214.969.1700
214.969.1751 (Fax)

**ATTORNEYS FOR PLAINTIFF**
**THE CONTAINER STORE, INC.**